IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARGARET K. HILL, Trustee of Kelk Irrevocable Trust, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE TRIBUNE COMPANY, DENNIS J. FITZSIMONS, DONALD C. GRENESKO, and JACK FULLER,<br><br>Defendants. | No. 05 C 2602 |
| LAWRENCE HOLLIE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE TRIBUNE COMPANY, DENNIS J. FITZSIMONS, DONALD C. GRENESKO, and JACK FULLER,<br><br>Defendants. | No. 05 C 2640 |
| MICHAEL J. O'ROURKE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE TRIBUNE COMPANY, DENNIS J. FITZSIMONS, DONALD C. GRENESKO, and JACK FULLER,<br><br>Defendants. | No. 05 C 2684 |

THOMAS F. MURRAY, individually and
on behalf of a class of similarly
situated Plan participants,

        Plaintiff,

      v.

THE TRIBUNE COMPANY, DENNIS J.
FITZSIMONS, JOHN W. MADIGAN,
DONALD C. GRENESKO, CHANDLER
BIGELOW, DAVID J. GRANAT, TRIBUNE
COMPANY EMPLOYEES BENEFITS
COMMITTEE, GERALD W. AGEMA,
JEFFREY CHANDLER, JOHN DOES 1-30,
FIDELITY MANAGEMENT TRUST COMPANY,
ROGER GOODAN, MARK M. HARRIS,
ENRIQUE HERNANDEZ, BETSY HOLDEN,
BRIGID E. KENNEY, THOMAS D. LEACH,
LUIS E. LEWIN, ROBERT MORRISON,
RUTHELLYN MUSLIN, WILLIAM OSBORN,
J. CHRISTOPHER REYES, IRENE M.F.
SEWELL, WILLIAM STINEHART,
DUDLEY TAFT, KATHRYN TURNER,
VANGUARD FIDUCIARY TRUST COMPANY
and MILES D. WHITE,

        Defendants.

No. 05 C 2927

---

CHAD BOYLAN, individually and on
behalf of all others similarly
situated,
        Plaintiff,

      v.

THE TRIBUNE COMPANY, DENNIS J.
FITZSIMONS, JOHN W. MADIGAN,
DONALD C. GRENESKO, CHANDLER
BIGELOW, DAVID J. GRANAT,
JEFFREY CHANDLER, ROGER GOODAN,
ENRIQUE HERNANDEZ, JR., BETSY D.
HOLDEN, ROBERT S. MORRISON,
WILLIAM A. OSBORN, WILLIAM

No. 05 C 3374

STINEHART, JR., DUDLEY S. TAFT, )
KATHRYN C. TURNER, JACK FULLER, )
PATRICK G. RYAN, TRIBUNE COMPANY )
EMPLOYEES BENEFITS COMMITTEE, )
JOHN DOES 1-30, )
)
        Defendants. )
)
――――――――――――――――――――――― )
)
ROSS M. McCAULEY, )
)
        Plaintiff, )
)
     v. )   No. 05 C 3377
)
THE TRIBUNE COMPANY, TRIBUNE )
COMPANY EMPLOYEE BENEFITS )
COMMITTEE, DONALD G. GRENESKO, )
CHANDLER BIGELOW, JEFFREY CHANDLER, )
DENNIS J. FITZSIMMONS, ROGER )
GOODMAN, ENRIQUE HERNANDEZ, JR., )
BETSY J. HOLDEN, JOHN W. MADIGAN, )
ROBERT S. MORRISON, WILLIAM A. )
OSBORN, CHRISTOPHER J. REYES, )
WILLIAM STINEHART, JR., DUDLEY S. )
TAFT, KATHRYN C. TURNER, JOHN DOES )
1-30, GERALD W. AGEMA, FIDELITY )
MANAGEMENT TRUST COMPANY, MARK M. )
HARRIS, BRIGID E. KENNEY, )
THOMAS D. LEACH, LUIS E. LEWIN, )
RUTHELLYN MUSIL, IRENE M.F. )
SEWELL, VANGUARD FIDUCIARY TRUST )
COMPANY, and MILES D. WHITE, )
)
        Defendants. )
)
――――――――――――――――――――――― )
)
KENNETH PUGH, individually and )
behalf of himself and a class of )
persons similarly situated, )
)
        Plaintiff, )
)
     v. )   No. 05 C 3390
)
THE TRIBUNE COMPANY, DENNIS J. )
FITZSIMMONS, DONALD C. GRENESKO, )

```
TRIBUNE COMPANY EMPLOYEE BENEFITS    )
COMMITTEE, CHANDLER BIGELOW,         )
JOHN DOES 1-30, and RICHARD          )
ROES 1-30,                           )
                                     )
                Defendants.          )
                                     )
_____)
                                     )
ANTHONY BURDELAS, on behalf of       )
himself and all others similarly     )
situated,                            )
                                     )
                Plaintiff,           )
                                     )
           v.                        )   No. 05 C 3928
                                     )
THE TRIBUNE COMPANY, TRIBUNE EMPLOYEE )
BENEFITS COMMITTEE, DONALD G.        )
GRENESKO, CHANDLER BIGELOW,          )
JEFFREY CHANDLER, DENNIS J.          )
FITZSIMONS, ROGER GOODAN,            )
ENRIQUE HERNANDEZ, JR.,              )
BETSY J. HOLDEN, JOHN W. MADIGAN,    )
ROBERT S. MORRISON, WILLIAM A.       )
OSBORN, J. CHRISTOPHER REYES,        )
WILLIAM STINEHART, JR., DUDLEY S.    )
TAFT, KATHERINE C. TURNER,           )
JOHN DOES 1-30,                      )
                                     )
                Defendants.          )
                                     )
_____)
```

## MEMORANDUM OPINION AND ORDER

Before the court are eight cases that fall into two categories. All the cases involve investments in Tribune Company stock. Overstatements regarding the circulation of certain newspapers owned by the Tribune Company and a drop in share

prices following disclosure of the overstatements of circulation are alleged. Three cases[1] are brought on behalf of a putative class of persons who purchased Tribune Company stock between January 24, 2002 and July 15, 2004. These cases allege violations of federal securities law and are governed by the Private Securities Litigation Reform Act of 1995 ("PSLRA"). Five cases[2] are brought on behalf of participants in two Tribune Company pension plans who held Tribune Company shares in their accounts during the pertinent time period.[3] These cases allege that certain Tribune Company officials who had knowledge of the overstated circulations were also fiduciaries of the pension plans. The defendants allegedly breached their fiduciary duties in violation of the Employee Retirement Income Security Act of 1974 ("ERISA").

Before the court are motions to consolidate each of the two sets of cases and appoint lead plaintiffs and lead counsel.

---

[1] The three cases are Hill v. Tribune Co., No. 05 C 2602 (N.D. Ill.); Hollie v. Tribune Co., No. 05 C 2640 (N.D. Ill.); and O'Rourke v. Tribune Co., No. 05 C 2684 (N.D. Ill.). Collectively, these cases will be referred to as the "Securities Cases."

[2] The five cases are Murray v. Tribune Co., No. 05 C 2927 (N.D. Ill.); Boylan v. Tribune Co., No. 05 C 3374 (N.D. Ill.); McCauley v. Tribune Co., No. 05 C 3377 (N.D. Ill.); Pugh v. Tribune Co., No. 05 C 3390 (N.D. Ill.); and Burdelas v. Tribune Co., No. 05 C 3928 (N.D. Ill.). Collectively, these cases will be referred to as the "ERISA Cases."

[3] The complaints propose various class periods.

The motions in the Securities Cases are pursuant to provisions of the PSLRA. The motions in the ERISA cases are pursuant to Fed. R. Civ. P. 42 and 23(g). As to each set of cases, the parties agree that the cases should be consolidated and that lead plaintiffs/counsel should be appointed. All parties also agree that the two types of cases, Securities and ERISA Cases, should be separately consolidated, though with coordinated discovery. The disagreement concerns who should be appointed as lead plaintiffs and counsel. As to each set of cases, there are two competing plaintiffs/counsel.[4]

---

[4]The ERISA Cases were reassigned to this bench with the motions for appointment of lead plaintiffs/counsel already fully briefed. The Securities Cases briefing schedule on the motions did not provide for replies. After the answer briefs were filed, two letters from counsel were sent to the court. One of those letters indicated a desire to file a reply brief and the other letter was a response to the first letter. A secretary skimmed the first two paragraphs of each letter in order to generally determine its subject matter and then returned each to the sender with a note that any communication with the court should be by motion or other appropriate pleading. The letters were not reviewed by the court. Also, telephone calls were received by chambers staff indicating that one or more parties would be moving to file a reply brief. Although motions by letter and telephone obviously are not considered, the court would not begin working on the pending motions only to receive additional briefs midstream. The court delayed considering the pending motions until it appeared that no further motions to file additional briefs would be filed. The attorneys involved in these cases are admonished that, other then oral statements at court hearings, communication with the court shall be limited to written motions and other appropriate written pleadings. Letters to a judge are an inappropriate form of communication and telephonic communications with the judge's staff are to be limited to telephone calls to the minute clerk (courtroom deputy) regarding scheduling or simple procedural issues not covered by the Federal

The Securities Cases will be considered first. Since the cases all concern the same subject matter and essentially the same claims, the motion to consolidate will be granted. All the cases except the <u>Hill</u> case (05 C 2602), which is the lowest numbered case, will be dismissed without prejudice and lead plaintiffs will be required to file a consolidated class action complaint in 05 C 2602. All further filings will be made in 05 C 2602.

Following the filing of the first Securities Case, the notice required by 15 U.S.C. § 78u-4(a)(3)(A) was timely issued. Initially, three sets of plaintiffs/counsel moved for appointment. Two of the sets subsequently combined together in a single motion. There are two sets of plaintiffs/counsel presently seeking appointment. The court must determine which lead plaintiffs are "most capable of adequately representing the interests of class members." <u>Id.</u> § 78u-4(a)(3)(B)(i). As to any plaintiffs who have filed a complaint or responded to the required notice and who otherwise satisfied the requirements of Fed. R. Civ. P. 23, it is rebuttably presumed that the most adequate plaintiff is the one with "the largest financial interest in the relief sought by the class." <u>Id.</u>

---

Rules of Civil Procedure or the Northern District of Illinois Local Rules. For additional information concerning court practices, see the Northern District of Illinois website: http://www.ilnd.uscourts.gov/JUDGE/HART/wthpage.htm.

§ 78u-4(a)(3)(B)(iii)(I). This presumption may only be overcome by proof that the presumptively most adequate plaintiff:

> (aa) will not fairly and adequately protect the interests of the class; or
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

Id. § 78u-4(a)(3)(B)(iii)(II).

The PSLRA also provides:

> For purposes of this subparagraph, discovery relating to whether a member or members of the purported plaintiff class is the most adequate plaintiff may be conducted by a plaintiff only if the plaintiff first demonstrates a reasonable basis for a finding that the presumptively most adequate plaintiff is incapable of adequately representing the class.

Id. § 78u-4(a)(3)(B)(iv).

One group that seeks to be appointed lead plaintiffs includes Deka Investment GmbH ("Deka Funds"), which manages and controls seven mutual funds that purchased Tribune Company stock during the pertinent time period. Deka Funds seeks to be co-lead plaintiff along with Livonia Employees' Retirement System ("Livonia"). Jointly, they refer to themselves as the "Institutional Investor Group." They propose the law firms of Murray, Frank & Sailer LLP and Lerach Couglin Stoia Geller Rudman & Robbins LLP as co-lead counsel, with the law firm of Lasky & Rifind, Ltd. as liaison counsel. The other plaintiff

seeking appointment as lead plaintiff is the City of Philadelphia Board of Pensions and Retirement ("CPBPR"). CPBPR proposes the law firms of Pomerantz Haudek Block Grossman & Gross LLP and Berger & Montague, P.C. as co-lead counsel.

The first issue to decide is which proposed lead plaintiff has the largest financial interest. During the proposed class period, CPBPR and Deka Funds both bought and sold Tribune Company shares. Livonia only purchased shares. Initially, each party calculated its losses during the class period using a first-in-first-out ("FIFO") methodology. Under that methodology, CPBPR had a $310,600.00 loss, Livonia had a $101,000 loss, and Deka Funds had a $3,646,545 loss. In its answer to the other movants, CPBPR argued that it is more appropriate to use a last-in-last-out ("LIFO") methodology. Use of that methodology would not affect the calculation of Livonia's losses since it did not have any sales during the class period. Using LIFO methodology reduces CPBPR's losses to $289,957, which would still be larger than Livonia. As to Deka Funds, during the class period, it sold more shares than it purchased. As a net seller of Tribune Company shares, it may be viewed as gaining from the alleged overvaluation of shares during the class period.

The PSLRA does not specify how the "largest financial interest" that is the basis of the § 78u-4(a)(3)(B)(iii)(I) presumption is to be calculated. The current majority view,

however, apparently is that securities fraud losses should be calculated using LIFO. In re eSpeed, Inc. Securities Litigation, 2005 WL 1653933 *4 (S.D.N.Y. July 13, 2005). LIFO is also often used in determining the largest financial interest for purposes of the PSLRA lead plaintiff presumption. Id. A leading proponent of using that methodology is Judge Shadur of this court. See In re Comdisco Securities Litigation, 2004 WL 905938 (N.D. Ill. April 26, 2004); In re Comdisco Securities Litigation, 150 F. Supp. 2d 943, 945-46 (N.D. Ill. 2001). Under that methodology, a potential lead plaintiff which, during the class period, was a net seller of the pertinent stock generally has a net gain and therefore generally will not have the largest financial interest in the litigation. See id.; In re Critical Path, Inc. Securities Litigation, 156 F. Supp. 2d 1102, 1108 (N.D. Cal. 2001); In re Goodyear Tire & Rubber Co. Securities Litigation, 2004 WL 3314943 *4 (N.D. Ohio May 12, 2004); In re McKesson HBOC, Inc. Securities Litigation, 97 F. Supp. 2d 993, 996-97 (N.D. Cal. 1999). See also Andrada v. Atherogenics, Inc., 2005 WL 912359 *4 (S.D.N.Y. April 19, 2005); In re Cardinal Health, Inc. Securities Litigation, 226 F.R.D. 298, 308 (S.D. Ohio 2005).

Because Deka Funds was a net seller of Tribune Company shares, its financial interest in the litigation is not as large as CPBPR's nor are the combined interests of Livonia and Deka

Funds as large as CPBPR's interest. CPBPR is the presumptive lead plaintiff.[5] There is no contention that CPBPR is an inadequate representative nor that it has any unique defenses. The court's independent examination of CPBPR's submission also reveals no deficiencies with CPBPR nor the proposed lead counsel. CPBPR and its counsel will be appointed lead plaintiff/counsel for the Securities Cases and will be required to file a consolidated amended class action complaint in 05 C 2602.

The ERISA cases do not contain claims for violation of federal securities laws. The PSLRA provisions regarding appointment of lead plaintiff and lead counsel are not applicable to the ERISA cases. Instead, appointment of counsel in the ERISA cases is governed by Fed. R. Civ. P. 23. Although both sets of moving parties also seek appointment of lead plaintiffs, they cite no statute, rule, or case law requiring or permitting such an appointment. There is no express provision in Rule 23 regarding the appointment of a lead plaintiff. The only possible authority for such an appointment would be Rule 23(d)'s general provisions permitting a court to make certain orders appropriate

---

[5]Since CPBPR is the presumptive lead plaintiff, it is unnecessary to consider CPBPR's contentions that Deka Funds has not provided an adequate certification, would not be an adequate representative, and would have unique defenses. Also, CPBPR's motion regarding discovery as to Deka Funds' qualifications and its motion to file a reply in support of that motion are rendered moot.

for class actions. When time comes to rule on class certification, the court will have to determine whether a named plaintiff is an adequate representative, see Fed. R. Civ. P. 23(a)(4), 23(c), but that is not the same as appointing a lead plaintiff. In re Initial Public Offering Securities Litigation, 214 F.R.D. 117, 123 (S.D.N.Y. 2002); Greater Pa. Carpenters Pension Fund v. Whitehall Jewellers, Inc., 2005 WL 61480 *7 (N.D. Ill. Jan. 10, 2005). Moreover, the PSLRA presumes a lead plaintiff who is involved in and takes a critical role in managing the litigation. The lead plaintiff provision of the PSLRA is designed to contribute to the litigation being investor-driven instead of lawyer-driven. Initial Public Offering, 214 F.R.D. at 123. Rule 23 is different. It provides that class counsel "must fairly and adequately represent the interests of the class," not the named or lead plaintiff. Fed. R. Civ. P. 23(g)(1)(B). Class counsel's primary obligation is to the interests of the class and not any conflicting interests of the named plaintiff who may have been the initial client. See Advisory Committee Notes to the 2003 Amendments to Rule 23. At this time, the primary issue for the court is who should be appointed interim class counsel.

Rule 23(g) provides criteria to consider when appointing class counsel. No distinction is made regarding appointing interim counsel.

> In appointing class counsel, the court
> (i) must consider:
> • the work counsel has done in identifying or investigating potential claims in the action,
> • counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action,
> • counsel's knowledge of the applicable law, and
> • the resources counsel will commit to representing the class;
> (ii) may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class;
> (iii) may direct potential class counsel to provide information on any subject pertinent to the appointment and to propose terms for attorney fees and nontaxable costs; and
> (iv) may make further orders in connection with the appointment.

Fed. R. Civ. P. 23(g)(1)(C).

There are two competing groups for appointment as interim class counsel in the ERISA cases. One group, which represents Pugh and Boylan as plaintiffs, consists of the law firms of Stull, Stull & Brody and Scott & Scott as co-lead counsel and Robert D. Allison & Associates as liaison counsel (the "Stull Group"). The other group, which represents Murray and McCauley as plaintiffs, consists of the law firms of Lowey Dannenberg Bemporad & Selinger, P.C. and Schatz & Nobel, P.C. as co-lead counsel and Susman, Watkins & Wylie, LLP as liaison counsel (the "Lowey Group"). All parties agree that the cases are appropriate for consolidation. Since the cases all concern the same subject matter and essentially the same claims, the motion to consolidate

will be granted. All the cases except the Murray case (No. 05 C 2927), which is the lowest numbered case, will be dismissed without prejudice and interim counsel will be required to file a consolidated class action complaint in No. 05 C 2927. All further filings will be made in 05 C 2927.

Although the two groups make competing contentions regarding their skills, resources, and time already devoted to the case, both appear to be experienced litigators with the skills and resources necessary to handle the present type of litigation. The Lowey Group contends it began its investigation earlier and has devoted more time to the case. Any differences as to who investigated the claims first is only a difference of weeks. The differences are not significant. The Lowey Group has not provided any convincing evidence that, compared to the Stull Group, it has already devoted substantially more time to identifying and investigating potential claims. The Lowey Group also contends it stands out because it has counsel in Chicago and also counsel in New York, where some of the pertinent newspapers are located. In both groups, however, liaison counsel (not lead counsel) are located in Chicago. Both groups also have one lead counsel law firm located in New York. The Stull Group contends it has more resources presently available because it recently completed work on another class action. While that may be given some weight, it appears that the Lowey Group also has adequate

resources. Significantly, neither group makes any representation as to the level of attorney fees it intends to request. Neither group attempted to distinguish itself by indicating it would seek a lower amount of attorney fees out of any award to the putative class.[6]

While it is a close question as to which group to appoint, it appears that the Stull Group has more experience and possibly greater resources. The Stull Group, in the structure proposed, will be appointed interim counsel. They shall file a consolidated amended class action complaint in 05 C 2927. Since they were already clients of these law firms, the amended complaint may name Pugh and Boylan as named plaintiffs. However, to the extent that it may be determined that one or both would not be adequate plaintiffs for a class action, counsel may move to add or substitute other named plaintiffs.

IT IS THEREFORE ORDERED that:

(1) Cases 05 C 2640, 05 C 2684, 05 C 3374, 05 C 3377, 05 C 3390, and 05 C 3928 are dismissed without prejudice.

---

[6]Any subsequent motion for class certification shall include information regarding any then-existing agreement concerning attorney fees and the nature of any potential fee request, and shall address the question of whether a class certification order should contain any provisions regarding attorney fees.

(2) In case 05 C 2602:

(a) Defendants' agreed motion and plaintiff Livonia Employee Retirement System's motions for consolidation [5, 17] are granted.

(b) Plaintiff City of Philadelphia Board of Pension and Retirement's motion for appointment as lead plaintiff and for approval of lead counsel [10] is granted in part and denied in part.

(c) Plaintiffs Deka Investment GmbH's and Livonia Employee Retirement System's motions for appointment as lead plaintiff and for approval of lead counsel [14, 17] are denied.

(d) Plaintiff City of Philadelphia Board of Pension and Retirement's motions for discovery [27] and for leave to file a reply [42] are denied without prejudice as moot.

(e) Plaintiff City of Philadelphia Board of Pension and Retirement is appointed lead plaintiff in this case. The law firms of Pomerantz Haudek Block Grossman & Gross LLP and Berger & Montague, P.C. are appointed co-lead counsel in this case.

(f) By October 28, 2005, lead plaintiff shall file an amended consolidated class action complaint. By November 14, 2005, defendants shall answer or otherwise plead to the amended consolidated class action complaint. Any motion shall be supported by a brief.

(3) In case 05 C 2927:

(a) Plaintiffs' motions for consolidation [21, 24] are granted.

(b) Plaintiffs Murray's and McCauley's motion for appointment of lead plaintiff and establishment of leadership structure [21] is denied.

(c) Plaintiffs Pugh's and Boylan's motion for appointment of co-lead plaintiffs, co-lead counsel, and liaison counsel [24] is granted in part and denied in part.

(d) The law firms of Stull, Stull & Brody and Scott & Scott are appointed interim co-lead class counsel and the law firm of Robert D. Allison & Associates is appointed interim liaison counsel.

(e) By October 28, 2005, interim counsel shall file an amended consolidated class action complaint. By November 14, 2005, defendants shall answer or otherwise plead to the amended consolidated class action complaint. Any motion shall be supported by a brief.

(4) Discovery in cases 05 C 2602 and 05 C 2927 is to be coordinated. Discovery taken or produced by any party may be used in either case. Until further order, any pleading or motion, regardless of whether it arguably pertains to only one of the cases, shall be served on the parties in both cases. Joint

status hearings will be held for both cases. A status hearing will be held on November 30, 2005 at 11:00 a.m.

ENTER:

/s/ William T. Hart
UNITED STATES DISTRICT JUDGE

DATED: OCTOBER 13, 2005